## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MAURICE JACKSON, No. R31861,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00714-MJR** |
| | ) | |
| **MARK PHOENIX,** | ) | |
| **MONICA NIPPE,** | ) | |
| **LT. HOWARD, and** | ) | |
| **UNKNOWN PARTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Maurice Jackson, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.–** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility.  *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A.

## The Complaint

According to the complaint, in April 2013, in retaliation against Plaintiff for filing a grievance against him, Defendant Mark Phoenix falsely reported that Plaintiff's fiancée, Sandy Chang, did not want Plaintiff to be able to communicate with her.  Consequently, Plaintiff was not permitted to mail or telephone Chang.   In support of Defendant Phoenix, Defendant Counselor Monica Nippe destroyed and/or refused to respond to, or denied Plaintiff's grievances. Plaintiff also takes issue with Defendant Lt. Howard and an unknown party denying his request for a halal diet, which is required by Plaintiff's religion.

The chronology of events and the allegations in the complaint are a bit muddled.[1] Nevertheless, based on the allegations of the complaint and the attached memorandum and documentation, the Court finds it convenient to divide the *pro se* action into three counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:  In retaliation for Plaintiff filing a grievance against him, Defendant Phoenix retaliated against Plaintiff by making false allegations causing Plaintiff to be precluded from mailing or telephoning Sandy Chang, in violation of the First Amendment;**
>
> **Count 2:  In retaliation for Plaintiff filing a grievance against Defendant Phoenix, Defendant Nippe destroyed or refused to respond to, or denied Plaintiff's grievances, in violation of the First Amendment; and**
>
> **Count 3:  Defendant Howard and an unknown party denied Plaintiff the halal diet required by Plaintiff's religion, in violation of the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, and in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.***

## Discussion

### Counts 1 and 2

To establish a *prima facie* case of First Amendment retaliation, a plaintiff must demonstrate (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First

---

[1] For example, Plaintiff asserts that he was prohibited from communicating with Sandy Chang, but documentation attached to the complaint indicates he was instructed not to communicate with Carla Bender, 4th Appellate Court Clerk (*see* Doc. 1, p. 13).  Whether Plaintiff's April 19, 2013, grievance was the trigger for subsequent retaliation is also unclear, but will be presumed at this juncture (*compare* Doc. 1, ¶ 1 and ¶ 2).

Amendment activity was at least a motivating factor in the defendant's decision to take the retaliatory action. *Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir. 2008). As a general matter, a non-frivolous grievance falls within the ambit of the First Amendment protection. *See Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). Therefore, Counts 1 and 2 frame colorable First Amendment retaliation claims and shall proceed.

Relative to Counts 1 and 2, Plaintiff makes general reference to the Eighth Amendment. He characterizes the alleged retaliation as cruel and unusual punishment, which is prohibited by the Eighth Amendment. The Eighth Amendment prohibits punishments that are incompatible with "evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles,* 356 U.S. 86, 101 (1958); *Lee v. Young,* 533 F.3d 505, 509 (7th Cir. 2008).

> Any harassment of a prisoner increases his punishment in a practical sense …. But harassment, while regrettable, is not what comes to mind when one thinks of "cruel and unusual" punishment. Nor does it inflict injury comparable in gravity to failing to provide a prisoner with adequate medical care or with reasonable protection against the violence of other prisoners.

*Dobbey v. Illinois Dept. of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009). Therefore, the Court has omitted any reference to the Eighth Amendment because these allegations of retaliation do not rise to the level of punishment that would implicate the Eighth Amendment. Plaintiff may consider any intended Eighth Amendment claim to have been dismissed without prejudice for failing to state a colorable claim.

## Count 3

It is clearly established that under the First Amendment prison officials must have a legitimate penological purpose before imposing a substantial burden on an inmate's free exercise of religion, including the provision of a religious diet. *See Nelson v. Miller,* 570 F.3d 868 (7th Cir. 2009); *Koger v. Bryan,* 523 F.3d 789 (7th Cir. 2008). Similarly, the Religious Land

Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*., prohibits prisons receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless that burden: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a)(1)–(2). However, "[u]nlike cases arising under the Free Exercise Clause of the First Amendment, this prohibition applies even where the burden on the prisoner 'results from a rule of general applicability.'" *Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008) (quoting 42 U.S.C. § 2000cc–1(a)).

The complaint states a viable claims under the First Amendment's Free Exercise Clause and RLUIPA; therefore, those aspects of Count 3 shall proceed.

The complaint, however, fails to state a colorable claim that Defendant Howard and the unknown party violated Plaintiff's Fourteenth Amendment right to the equal protection of the laws. As a general matter, a "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.' " *Meriwether v. Faulkner,* 821 F.2d 408, 415 n. 7 (7th Cir.1987), cert. denied, 484 U.S. 935, 108 (1987), *citing Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir.1982). Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences; it implies that a particular group was singled out for disparate treatment. *Nabozny v. Podlesny,* 92 F.3d 446, 453–54 (7th Cir.1996) (*quoting Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir.1982)).

There is also a so-called "class-of-one" equal protection claim. The Supreme Court has made clear that a class-of-one equal protection claim can succeed only if it is pleaded and proven that (1) the plaintiff has been intentionally treated differently from others similarly

situated, and (2) there is no rational basis for different treatment. *Engquist v. Oregon Dep't of Agriculture,* 553 U.S. 591, 601 (2008); *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000).

Plaintiff's equal protection claim, as presently pleaded, is nothing more than a conclusory legal assertion. No intentional discrimination or animus has been alleged, only animus directed solely toward Plaintiff. Therefore, this aspect of Count 3 shall be dismissed without prejudice.

### Severance

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).

The retaliation claims against Defendant Phoenix in Count 1 and the retaliation claim against Defendant Nippe in Count 2 are related and can proceed in the same action. However, the religious exercise claims against Defendant Howard and the unknown party in Count 3 are unrelated to Counts 1 and 2. Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever Count 3 of Plaintiff's complaint, and shall open a new case with a newly-assigned case number for that claim. However, Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he does not wish to proceed on that claim or incur the additional filing fee.

<u>**Disposition**</u>

**IT IS HEREBY ORDERED** that the Equal Protection Clause claim within Count 3 is **DISMISSED** without prejudice; Plaintiff's Free Exercise Clause and RLUIPA claims in Count 3, which are unrelated to the retaliation claims in Counts 1 and 2, are **SEVERED** into a new case. That new case shall be:

> **Count 3:** **Defendant Howard and an unknown party denied Plaintiff the halal diet required by Plaintiff's religion, in violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*.**

The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

(1)   This Memorandum and Order

(2)   The Original Complaint (Doc. 1)

(3)   Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing on or before September 11, 2013. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he **will be responsible for an additional $400.00 filing fee** in the new case ($350.00 if he is granted pauper status). Service shall not be ordered on Defendants in the newly severed case until after the deadline for Plaintiff's response. Service shall not be made on the Unknown Defendant until such time as Plaintiff has identified them by name in a properly filed amended complaint.

**IT IS FURTHER ORDERED** that the <u>***only claims remaining in this action are COUNT 1 and COUNT 2 against Defendant MARK PHOENIX  and MONICA NIPPE***</u>, for retaliating against Plaintiff. This case shall now be captioned as: **Maurice Jackson, Plaintiff, vs. Mark Phoenix, and Monica Nippe,  Defendants.**

   **IT IS FURTHER ORDERED** that Defendants **LT. HOWARD** and **UNKNOWN PARTY** are **TERMINATED** from *this* action with prejudice.

   As to **COUNTS 1 and 2**, which remain in the instant case, the Clerk of Court shall prepare for Defendants **MARK PHOENIX** and **MONICA NIPPE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

   With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

   Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED:  August 12, 2013

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE